UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                              Chapter 11

CENTRAL BEEF IND., LLC                              Case No. 8:16-bk-02366

    Debtor.                                       *Expedited Relief Requested*
_____/             *Without the Necessity of a Hearing*

**DEBTOR'S EXPEDITED MOTION FOR
ORDER DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)** [1]

CENTRAL BEEF IND., LLC ("**Central Beef**" or the "**Debtor**"), as debtor and debtor in possession, by and through its undersigned attorneys, hereby files its *Expedited Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b)* (the "**Motion**"), and requests that this Court enter an order directing the joint administration of the above-captioned Chapter 11 case with the related Chapter 11 cases of 5C OF CENTRAL FLORIDA, LLLP ("**5C**") and CBI MANAGEMENT/ADMINISTRATION, LLC ("**CBI**") pending before this Court (the "**Related Cases**"). In support of this Motion, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

---

[1] A companion Expedited Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) has been simultaneously filed in the related Chapter 11 case of 5C of Central Florida, LLLP, Case No. 8:16-bk-02368 and CBI Management/Administration, LLC Case No. 8:16-bk-02370, which is pending before this Court.

2. The statutory predicates for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 1015-1.

## Background

3. On March 21, 2016 (the "**Petition Date**"), Central Beef, 5C, and CBI (collectively, the "**Debtors**") filed with this Court their Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

4. Since the Petition Date, each of the Debtors has continued to operate its business and manage its properties as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. Central Beef has for many years been the largest purchaser of cattle and the largest producer of beef in the State of Florida with annual revenues in excess of $180 million. At various times, Central Beef's market share of the Florida beef market approached 80%.

6. Central Beef operates its business on a 132 acre tract owned by its parent 5C of Central Florida, LLLP. The tract is improved by buildings with in excess of 100,000 square feet under roof, including more than 30,000 square feet of freezer and cooler space. CBI provides management services to Central Beef.

7. After more than a decade of profitable operations, Central Beef began to lose money several years ago, requiring cash infusions and creating liquidity challenges. Ultimately, these challenges led to the filing of these cases.

8. Central Beef is a Florida limited liability company located in Center Hills, Florida. 5C is a Florida limited partnership and is the owner of the physical plant and real property from which Central Beef operates its business. CBI is a Florida limited liability company and provides management services to Central Beef in exchange for a management fee.

9. No trustee or examiner has been appointed in this case and no official committees have yet been appointed pursuant to Section 1102 of the Bankruptcy Code.

10. No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

### **Relief Requested and Grounds for Relief**

11. By this Motion, the Debtor requests the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 1015-1 directing for procedural purposes only the joint administration of the above-captioned Chapter 11 case with the Related Case.

12. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part:

> (b) **Cases Involving Two or More Related Debtors**. If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Section 101(2) of the Bankruptcy Code defines "affiliate" as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor...
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor....

13. The Debtors are related entities and affiliates within the meaning of Section 101(2) of the Bankruptcy Code and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure

because 5C owns all of the membership interests in Central Beef and CBI.  Therefore, this Court may order the joint administration of the estates of the Debtors.

14. The Debtor requests that all pleadings in both Chapter 11 cases bear the following joint administration caption:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CENTRAL BEEF IND., LLC | Case No. 8:16-bk-02366 |
| | *Jointly Administered with:* |
| 5C OF CENTRAL FLORIDA, LLLP | Case No. 8:16-bk-02368 |
| CBI MANAGEMENT/ADMINISTRATION, LLC | Case No.  8:16-bk-02370 |
| Debtors. _____/ | |

The Debtor further requests that all pleadings in the Debtors' Chapter 11 cases be filed and maintained under Central Beef Ind., LLC case number 8:16-bk-02366.

15. The Debtor submits that unnecessary and expensive duplication can be avoided by jointly administering the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure for the following reasons:

   a. To expedite the administration of their Chapter 11 cases, the Debtors will be filing other "first day" pleadings affecting both of the Debtors. Absent joint administration, the Debtors will need to immediately file several other motions regarding operational issues and several accompanying notices, orders, and other pleadings.  Joint administration will avoid the unnecessary and expensive duplication of effort caused by preparing, filing, and serving the same pleadings with different captions, thereby saving the Debtors considerable time and

    expense, as well as conserving judicial and Court resources in scheduling and maintaining the separate pleadings.

  b. Joint administration will avoid unnecessary and expensive duplication of efforts caused by serving multiple sets of differently captioned but otherwise identical pleadings during the Debtors' Chapter 11 cases. By jointly administering the estates, creditors will receive notice of all proceedings involving the Debtors, thereby ensuring that they are fully informed of all matters potentially affecting their claims. Joint administration will also simplify the Office of the United States Trustee's supervision of all aspects of the Debtors' Chapter 11 cases.

  c. Joint administration may avoid or reduce expenses associated with two (2) separate Section 341(a) meetings of creditors and may permit the Debtors' management to appear at one joint meeting of creditors.

According to the notes of the Advisory Committee on the Bankruptcy Rules, joint administration may include combining the Debtors' estates by using a single docket for the matters occurring in the administration, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters "that may aid in expediting the cases and rendering the process less costly." Furthermore, it will advance the Court's interest in economy by eliminating the need for duplicate orders and files and will simplify the United States Trustee's supervision of the administration of the Debtors' Chapter 11 cases. In addition, it would be an unnecessary burden on this Court and the Clerk's Office to maintain separate dockets for each Debtor.

  16. The Debtors' respective creditors will not be adversely affected by the joint administration of the Debtors' Chapter 11 cases, since joint administration of these cases is for procedural purposes only and will not effect a substantive consolidation of the Debtors' estates. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of the Debtors' Chapter 11 cases. Moreover, each creditor will still file its claim against a particular estate.

17.     The Debtor does not believe that any of the relief herein requested would create a conflict of interest between creditors of the different estates.

## Basis for Expedited Relief

18.     If the Debtors' Chapter 11 cases are not jointly administered from the outset, the unnecessary and expensive duplication will be burdensome and oppressive to the Debtors, their creditors, counsel, and the Court. Certainly, the relief sought would be of considerably greater value if granted immediately. Pursuant to Local Rule 1015-1(b), the Court may consider this Motion with or without a hearing at the Court's discretion. The Debtor believes that the granting of this relief without a hearing is in the best of the Debtors, their estates, and their creditors.

19.     The Debtors will file shortly various "first day motions" including (i) a motion for authority to use cash collateral, (ii) a motion for officer's salary (to the extent necessary), (iii) a motion for authority to pay prepetition employee wages (to the extent necessary), (iv) an application to employ Stichter, Riedel, Blain & Postler, P.A. as bankruptcy counsel, (v) an application to employ Barnett, Bolt, Kirkwood, Long & Koche, P.A. as Special Counsel, and (vi) PCE Investment Bankers, Inc.

20.     The Debtor requests authority to file the First Day Motions (a) under the style identified in this Motion for the jointly administered cases, and (b) in the lead case only.

WHEREFORE, the Debtor respectfully requests entry of an order granting this Motion, directing for procedural purposes only the joint administration of the above-captioned Chapter 11 case with the Related Case, and providing for such other and further relief as is just and proper.

Dated: March 21, 2016

>
> */s/ Susan Heath Sharp*
> Harley E. Riedel (Florida Bar No. 183628)
> Susan Heath Sharp (Florida Bar No. 0716421)
> Stichter, Riedel, Blain & Postler, P.A.
> 110 East Madison Street, Suite 200
> Tampa, Florida 33602
> Telephone: (813) 229-0144
> Facsimile: (813) 229-1811
> Email: hriedel@srbp.com
>           ssharp@srbp.com
> Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Expedited Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b)* has been furnished on this 21st day of March, 2016, by the Court's CM/ECF electronic noticing to the Office of the United States Trustee and all other parties receiving CM/ECF electronic noticing.

>
> */s/ Susan Heath Sharp*
> Susan Heath Sharp