UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CENTRAL BEEF IND., LLC | Case No. 8:16-bk-02366-CPM |
| | *Jointly Administered with:* |
| 5C OF CENTRAL FLORIDA, LLLP | Case No. 8:16-bk-02368-CPM |
| CBI MANAGEMENT/ADMINISTRATION, LLC | Case No. 8:16-bk-02370-CPM |
| _____Debtors._____ / | |

**DEBTOR'S EMERGENCY MOTION FOR
ENTRY OF AN ORDER AUTHORIZING PAYMENT OF
PREPETITION WAGES, SALARIES, OTHER EMPLOYEE BENEFITS**

CENTRAL BEEF IND., LLC, as debtor and debtor in possession (the "**Debtor**"), by and through its undersigned attorneys, hereby files this Emergency Motion for Entry of an Order Authorizing Payment of Prepetition Wages, Salaries, Other Employee Benefits and Reimbursable Employee Business Expenses (the "**Motion**"). In support of this Motion, the Debtor would show:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is 11 U.S.C. § 105(a).

**Background**

2. On March 21, 2016 (the "**Petition Date**"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3.  Central Beef has for many years been the largest purchaser of cattle and the largest producer of beef in the State of Florida with annual revenues in excess of $180 million. Because of the stringent payment requirements of the Packers and Stockyard Act,[1] businesses like those of Central Beef require substantial liquidity, which has been supplied in recent years by a line of credit with BankUnited, N.A. ("**BankUnited**"). At various times, Central Beef's market share of the Florida beef market approached 80%.

4.  The Debtor employs operational employees who are paid on an hourly basis by the Debtor ("**Hourly Employees**").

### Relief Requested

5.  Through this Motion, the Debtor seeks to pay pre-petition compensation of the Hourly Employees. The Hourly Employees are paid based on hours actually worked and in arrears, the Debtor could not pre-fund those wage payments. The highest amount sought to be paid to any single employee is a small fraction of the maximum priority wage claim of $12,475 pursuant to 11 U.S.C. §507(a)(4). Details will be provided at the hearing and to the Office of the United States Trustee.

6.  Each of the employees performed necessary and valuable services for the Debtor and performed those services with the expectation that wage and wage-related commitments would be honored. Most, if not all, of the employees depend upon their wages to meet their basic living expenses. Employees and other dependents will suffer financial difficulties if the relief requested is not granted.

7.  The consolidate balance sheet of the Debtors reflects significant equity over and above the claims of all creditors, and this equity is supported by third party appraisals. The Debtor firmly believes that all creditors will be paid on 100% of their valid claims in this case.

---

[1] 7 U.S.C. §§ 181 *et seq.*

Under any circumstance, the Hourly Employee's valid priority wage claims will be paid in full, and, they should not be required to await payment when their valid priority wage claims will eventually be paid in full.

8. By this Motion, the Debtor seeks authorization to pay all prepetition employee-related obligations due to the Hourly Employees including, but not limited to wages, salaries, commissions, vacation, sick pay, holiday and personal leave, and employee benefits (collectively, the "**Prepetition Compensation**"). The employees are paid on a weekly basis, six days in arrears. The gross payroll amount sought to be paid by this motion (covering approximately 200 employees) is estimated at approximately $95,000, based on the previous period's payroll run, though the Debtor does not yet know the exact amount. A payroll processing company processes the Debtor's payroll.

9. The unsatisfied prepetition obligations to employees for Prepetition Compensation to employees fall into two distinct categories based on the payroll periods during which they were accrued. The most recent prepetition obligations for employee compensation are for employee services during the payroll period ending on March 19, 2016, which results in prepetition obligations for the period from March 13, 2016 through and including March 19, 2016. Payment for services rendered during this payroll period would normally occur on March 25, 2016. Payments for services rendered during this period include owed amounts owed both for prepetition services. The Debtor seeks authority to pay these prepetition obligations as scheduled.

10. The second category of prepetition obligations for employee compensation for which the Debtor seeks authority to pay, with the Debtor's discretion and subject to available funds for other necessary operating expenses, is for checks which were previously issued to

3

employees or were issued or due to be issued for payroll-related expenses, but, due to the timing of the filing, may not have been presented or cleared through the Debtor's bank accounts. The Debtor seeks the authorization, but not direction, to satisfy its obligations for such prepetition payroll checks issued to employees.

11. The Debtor does not seek to pay any insiders under this motion.

12. The Debtor seeks authority to honor the aforementioned obligations as set forth above, not to exceed, in the aggregate, the allowed statutory priority claim for each employee as set forth in 11 U.S.C. §§ 507(a)(4) and (5) of $12,475.00.

13. Pursuant to § 346(h) of the Bankruptcy Code, the Debtor proposes to withhold from any payment to employees those amounts required to be withheld under applicable federal, state or local tax law, and shall pay such withheld amount to the appropriate governmental unit at the time and in the manner required by such tax law. Further, the Debtor requests that it be permitted to pay all costs and make all deductions incident to the Prepetition Compensation, including but not limited to payroll calculation and costs.

### **Grounds for Relief**

14. It is well-settled that a bankruptcy court may authorize the payment of prepetition obligations. This Court, in other Chapter 11 cases, has granted the relief requested herein. There is ample other precedent for authorizing such payments. *See e.g.*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989).

15. The statutory basis for the "necessity of payment" doctrine appears in § 105(a) of the Bankruptcy Code, which provides, in pertinent part:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105(a).

16. As noted above, every employee is entitled to a priority claim of up to $12,475.00 for compensation earned in the ninety (90) day period preceding the Petition Date. Employee obligations are entitled to the same priority of payment subject to the formula set forth in 11 U.S.C. § 507(a)(5). Payments made by the Debtor will not exceed, or even approach, the maximum payments entitled to priority under 11 U.S.C. §§ 507(a)(4) and (5).

### Necessity for Emergency Hearing

17. An emergency hearing is needed on the Motion so the Debtor does not miss this week's payroll payment, which could likely result in an interruption of the Debtor's ability to efficiently process remaining inventory.

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting this Motion and authorizing the Debtor to (i) pay prepetition accrued employee wages and related taxes, benefits and expenses, (ii) honor all other terms and conditions of its employees' employment, and (iii) for such other and further relief as is just and proper.

/s/ *Matthew B. Hale*
Harley E. Riedel
Matthew B. Hale (FBN 0110600)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone:  (813) 229-0144
Fax:  (813) 229-1811
Emails: hriedel@srbp.com; mhale@srbp.com
Attorneys for Debtor

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing *Debtor's Emergency Motion For Entry Of An Order Authorizing Payment Of Prepetition Wages, Salaries, Other*

*Employee Benefits And Reimbursable Employee Business Expenses* have been furnished on this 22nd day of March, 2016, by either the Court's CM/ECF system or U.S. Mail**,** to:

Office of the U.S. Trustee
20 Largest Unsecured Creditors

Chad P. Pugatch, Esq.
RICE PUGATCH ROBINSON STORFER & COHEN PLLC
101 Northeast Third Avenue Suite 1800
Fort Lauderdale, Fl. 33301
Email: cpugatch@rprslaw.com
Attorneys for BankUnited

       /s/ *Matthew B. Hale*
      Matthew B. Hale

| | | |
|---|---|---|
| Airgas Dry Ice<br>P.O. Box 951873<br>Dallas, TX 75395-1873 | Americold Logistics, LLC<br>Post Office Box 78459<br>Milwaukee, WI 53278 | Bemis Company, Inc.<br>24815 Network Place<br>Chicago, IL 60673-1248 |
| CLC Transporting, Inc.<br>8209 New York Ave.<br>Newtown, MO 64667 | Fidelity Paper & Supply Corp.<br>P.O. Box 376<br>East Hanover, NJ 07936 | G&K Services<br>P.O. Box 842385<br>Boston, MA 02284-2385 |
| Hillshire Brands<br>3301 Rider Trail S.<br>Earth City, MO 63045 | Industry Insights & Solutions<br>1040 Big Moss Lake Rd.<br>Lutz, FL 33558 | Marten Transport Services, Ltd.<br>P.O. Box SDS 12-1733<br>Minneapolis, MN 55486-1733 |
| Motion Industries, Inc.<br>P.O. Box 504606<br>Saint Louis, MO 63150 | QVest<br>1101 8th St., Unit 1<br>Greeley, CO 80631 | Rochester Midland Corp.<br>P.O. Box 64462<br>Rochester, NY 14624-6862 |
| Silliker, Inc.<br>3155 Paysphere Circle<br>Chicago, IL 60674-3155 | Stauffer Glove & Safety<br>P.O. Box 45<br>Red Hill, PA 18076 | Suburban Propane<br>412 S. Main St.<br>Wildwood, FL 34785 |
| Time Definite Services, Inc.<br>1360 Madeline Lane<br>Elgin, IL 60124 | USDA Food Safety & Inspections<br>US Bank - FSIS Lockbox<br>Saint Louis, MO 63197-9001 | USDA Grading and Verification Division<br>Acct. # 3098195<br>Saint Louis, MO 63179-0304 |
| Spiritas Foods<br>7008 Yamini Dr.<br>Dallas, TX 75230 | R.A. Jones & Co.<br>P.O. Box 3848<br>Davenport, IA 52808-3848 | |