ORDERED.

Dated: March 24, 2016

*Catherine McEwen*
Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CENTRAL BEEF IND., LLC | Case No. 8:16-bk-02366-CPM |
| | *Jointly Administered with:* |
| 5C OF CENTRAL FLORIDA, LLLP | Case No. 8:16-bk-02368-CPM |
| CBI MANAGEMENT/ADMINISTRATION, LLC | Case No. 8:16-bk-02370-CPM |
| Debtors. / | |

**AGREED INTERIM ORDER AUTHORIZING DEBTOR'S USE OF**
**CASH COLLATERAL, TO PROVIDE ADEQUATE PROTECTION,**
**AND SCHEDULING A FINAL HEARING**

THIS MATTER came before the Court pursuant to Bankruptcy Rule 4001 and 11 U.S.C. § 363 on March 23, 2016 at 11:00 a.m., upon the *Debtor's Emergency Motion for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Replacement Liens, and (C) Authorizing Use of Excess Funds to Pay Down Secured Line of Credit Pursuant to Sections 105(A), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure* (Doc. No. 3) (the "Motion") of the Debtors and Debtors-in-Possessions, Central Beef Inc., LLC, 5C of Central Florida, LLLP and CBI

Management/Administration, LLC (collectively the "Debtors"), seeking entry of an order: (i) authorizing use of cash collateral; (ii) granting adequate protection, and (iii) granting related relief. The Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Debtors and secured creditor, BankUnited, ("BankUnited"), having agreed to the following provisions; and there being just cause for the relief granted herein; and upon all of the proceedings had before the Court, the Court finds as follows:

    A.    The Debtors filed voluntary petitions under Chapter 11 on March 21, 2016 (the "Petition Date").

    B.    The Debtors are the largest purchaser of cattle and the largest beef packing house in the State of Florida. The Debtor, Central Beef, is the primary operating company of the Debtors.

    C.    Prior to the Petition Date BankUnited extended three loans to the Debtors as follows:

        1.    A real estate loan in the amount of $7,040,000.00 ("the Real Estate Loan") allegedly secured by the real estate owned by 5C in Center Hill, Florida and the improvements

2

located thereon. The approximate current principal balance owed on the Real Estate Loan is $5,700,000.00. Monthly payments on this loan per contract are $49,193.06.

        2.    A $7,500,000.00 revolving line of credit ("the Revolving Loan") to the Debtors allegedly secured by all of the personal property of the Debtor, consisting primarily of accounts receivable and inventory and including a segregated debt service reserve account at BankUnited that serves as additional collateral for BankUnited and that is used to make monthly payments on the term loans to BankUnited and Bridge Capital Leasing, Inc. ("Bridge Capital") The current balance of the debt service reserve account is approximately $700,000.00. In March of 2015 the Revolving Loan was reduced to $5,000,000.00. The current amount owing under the Revolving Loan is approximately $3,528,000.00 (of which $3,524,609.16 is principal). Monthly payments of interest only are due on this loan. The last payment of interest was made on March 17, 2016 in the amount of $10,939.60. Current interest due as of March 23, 2016 is approximately $3,550.

        3.    A loan by Bridge Capital, an affiliate of BankUnited in the amount of $5,460,000.00 allegedly secured by machinery equipment owned by the Debtors (the "Equipment Loan"). The current balance of the Equipment Loan is approximately $2,900,000.00. The Bridge Capital Loan has subsequently been assigned by Bridge Capital to BankUnited. Monthly payments on this loan per contract are $74,449.92.

    D.    The Debtors have proposed a projected budget ("Budget") a copy of which is attached hereto as Exhibit "A". Pursuant to the Budget the Debtors have requested the use of cash collateral subject to BankUnited's security interests, whether existing before or after the commencement of these cases (the "Cash Collateral"), in order to continue their ordinary course

business operations and to preserve and maintain the value of the bankruptcy estates.[1] The Debtors propose in exchange to provide BankUnited with adequate protection for its security interests including adequate protection payments and replacement liens.

E. BankUnited has consented to the Debtors' interim use of cash collateral through the date of the entry of an order following the Final Hearing as defined below (the "Interim Period").

F. Good, adequate, and sufficient cause has been shown to justify the granting of the relief requested. The Debtors' interim use of Cash Collateral is necessary to preserve the bankruptcy estates and will avoid immediate and irreparable harm to the Debtors, as well as the bankruptcy estate and assets, prior to the expiration of the period specified herein.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED**:

1. The Motion is **GRANTED**, subject to the conditions set forth below.

2. During the Interim Period, except as may otherwise be provided herein, the Debtors are hereby authorized to use the Cash Collateral, and may pay the Necessary Expenses associated with same substantially as set forth in the Budget attached as **Exhibit A.**

3. The Debtors shall make distributions pursuant to the Budget, as required, with up to a 10% deviation on a cumulative basis. If any unusual or unexpected expenses arise, or if the Debtor revises the Budget, the Debtor and BankUnited shall endeavor to reach agreement as to such proposed extraordinary expenses. BankUnited's agreement shall not be unreasonably withheld. If the parties are unable to resolve the issue between themselves, the issue may be brought to the attention of the Court for expedited hearing and resolution if the circumstances so require.

---

[1] Counsel for the Debtors announced at the hearing that the Debtors were in the process of reviewing and possibly revising the Budget.

4. Notwithstanding the provisions of section 552(a) of the Bankruptcy Code, the Debtors grant in favor of BankUnited as security for indebtedness that is owed by the Debtors to BankUnited, but only to the extent that BankUnited's cash collateral is used by the Debtors, a first priority post-petition security interest and lien in, to and against Debtors' assets, to the same extent that BankUnited held a properly perfected prepetition security interest in such assets, which are or have been acquired, generated or received by the Debtors subsequent to the Petition Date.

5. The Debtors shall make payments to BankUnited as Adequate Protection, subject to any claim for disgorgement in the event the Court later enters an order finding that BankUnited is not a secured creditor:

    a. On March 31, 2016, and April 30, 2016, the regular monthly installments due on the Real Estate Loan in the amount of $49,193.06 each;

    b. On March 31, 2016, and April 30, 2016, the regular monthly installments due on the Equipment Loan in the amount of $74,449.92 each;

    c. On March 31, 2016, and April 30, 2016, each payment due for the accrued interest then due on the Revolving Loan, including the sum of $3,551.55 owed as of the date of the hearing on the Motion.

With respect to the payments set forth in subparagraphs (a) and (b) above, BankUnited is authorized without further order of this Court to deduct those payments from the existing debt service account maintained by the Debtors with BankUnited. With respect to the item set forth in subparagraph (c) above, BankUnited is authorized without further order of this Court to deduct those payments from the existing operating account maintained by the Debtors with BankUnited.

6. The Debtors are authorized to also make any further payments the Debtor deems itself able to pay towards the balance of the Revolving Loan and the other BankUnited loans, while still maintaining sufficient cash reserves to meet all post-petition obligations. BankUnited is authorized without further order of this Court to deduct these payments from the existing operating account maintained by the Debtors with BankUnited upon written authorization from the Debtors (email being sufficient).

7. The Debtors shall maintain all necessary insurance coverage on all the assets of the Estate.

8. All income and expenses shall be disclosed on the Debtor's monthly Debtor-In-Possession Reports, but BankUnited may request reasonable back-up for any and all charges and expenses, which the Debtors shall endeavor to provide within seven (7) business days. All reporting required by BankUnited's loan documents and customarily furnished pre-petition shall continue in full force and effect, provided that no audit statements shall be required at this time.

9. The liens granted under this Order shall be valid, perfected and enforceable as of the Petition Date without further filing or recording of any document or instrument or the taking of any further actions. Such liens shall be valid and enforceable against any trustee appointed in this case including any conversion of this case under Chapter 7 of the Bankruptcy Code.

10. Solely by agreeing to the use of cash collateral by the Debtor, BankUnited shall not be deemed to have assumed any liability to any third person, and shall not be deemed in control of the operations of the Debtor or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor or its assets.

11. Neither party waives any rights except as set forth herein. For example, notwithstanding BankUnited's receipt of the Protection Payments, BankUnited shall not be deemed to have waived any of its rights under 11 U.S.C. §§ 361, 362 and 503(b)(1).

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. The requirements of Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

15. The final hearing on the relief requested in the Motion shall be on May 19, 2016, at 2:30 p.m., prevailing Eastern Time (the "Final Hearing"). At the Final Hearing, the Debtor and BankUnited will seek to incorporate within the Final Order a 30-day deadline for any party in interest to file any objections to BankUnited's secured status as alleged herein.

16. The deadline by which objections to entry of the Final Order must be filed is May 12, 2016, at 4:30 p.m. (prevailing Eastern Time) and served upon: (i) Stichter Riedel Blain & Postler, P.A., 110 East Madison Street, Suite 200, Tampa, Florida 33602 (Attn: Harley E. Riedel, Esq.), as counsel for the Debtor; (ii) the Office of the United States Trustee for the Middle District of Florida, Timberlake Annex, Suite 1200, 501 East Polk Street, Tampa, Florida 33602 (Attn: J. Steven Wilkes, Esq.); and (iii) Rice Pugatch Robinson Storfer & Cohen, PLLC, 101 Northeast Third Avenue, Suite 1800, Fort Lauderdale, Florida 33301 (Attn: Chad P. Pugatch, Esq.), as counsel for BankUnited.

# # #

Submitted by:

Harley E. Riedel, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Facsimile: (813) 229-1811
Email:  hriedel@srbp.com

Harley E. Riedel, Esq. is directed to serve a copy of this Order on all interested parties and shall file a Certificate of Service with the Court.

# EXHIBIT "A"

Central Beef - Expense Forecast

| Week beginning | 21-Mar 1 | 28-Mar 2 | 4-Apr 3 | 11-Apr 4 | 18-Apr 5 | 25-Apr 6 | 2-May 7 | 7-May 8 | Ongoing |
|---|---|---|---|---|---|---|---|---|---|
| **Operations** | | | | | | | | | |
| prior payrolls (ops-$125,mgt-$70) | $ 130,000 | | | | | | | | |
| Shipping | $ 7,500 | $ 3,000 | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 | 1,500 |
| major clean up | $ 6,000 | $ 3,000 | $ - | $ - | $ - | $ - | | $ - | $ - |
| Grinding | | | | | | | | | |
| management | $ 1,500 | | | | | | | | |
| USDA inspectors | $ 3,000 | | | | | | | | |
| employees | $ 6,000 | | | | | | | | |
| Fab | | | | | | | | | |
| employees | $ 4,000 | $ 4,000 | $ 2,000 | $ 2,000 | $ - | $ - | $ - | $ - | $ - |
| blood lab | $ 1,000 | $ 1,000 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| QC | $ 2,000 | $ 2,000 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| cattle buying | $ 5,000 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| outside storage | $ 8,000 | $ 8,000 | $ 7,000 | $ 5,000 | $ 4,000 | $ 3,000 | $ 2,000 | $ 1,000 | $ 500 |
| freight out | $ 20,000 | $ 10,000 | $ 5,000 | $ 2,000 | $ 1,000 | | | | |
| **Admin** | | | | | | | | | |
| Management | $ 12,000 | $ 12,000 | $ 12,000 | $ 12,000 | $ 9,400 | $ 9,400 | $ 9,400 | $ 9,400 | 7,500 |
| Work out consultant | | | $ 3,750 | $ 3,750 | $ 3,750 | $ 3,750 | $ 3,750 | $ 3,750 | 3,750 |
| financial management | $ 6,000 | $ 6,000 | $ 6,000 | $ 6,000 | $ 6,000 | $ 6,000 | $ 6,000 | $ 4,500 | 2,500 |
| bookeeping - a/r -a/p-warehouse | $ 6,000 | $ 4,500 | $ 3,000 | $ 2,500 | $ 2,500 | $ 2,500 | $ 1,500 | $ 1,500 | 1,500 |
| other (phone,computers,etc) | $ 3,750 | $ 750 | $ 750 | $ 250 | $ 9,400 | $ 250 | $ 250 | $ 250 | $ - |
| HR | $ 3,750 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | 2,000 |
| Commissions | $ 9,000 | $ 7,500 | $ 6,000 | $ 4,500 | $ 3,000 | $ 1,500 | $ 1,000 | $ 1,000 | |
| **Maintenance** | | | | | | | | | |
| property & equipment wages | $ 8,000 | $ 6,000 | $ 4,500 | $ 4,500 | $ 4,500 | $ 4,500 | $ 4,500 | $ 4,500 | 4,500 |
| supplies | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 200 | $ 200 | $ 200 | 200 |
| forklifts | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ - | $ - | $ - | $ - | $ - |
| refrigeration | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ - | $ - | $ - | $ - | $ - |
| waste removal | $ 3,000 | $ 1,000 | $ 1,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| outside services - security | $ 2,500 | $ 2,500 | $ 2,500 | $ 2,500 | $ 2,500 | $ 2,500 | $ 2,500 | $ 2,500 | 1,250 |
| **Utilities** | | | | | | | | | |
| electric | $ - | $ - | $ 80,000 | $ - | $ - | $ - | $ 40,000 | $ - | $ - |
| Other - propane | $ 6,000 | $ 3,000 | $ 2,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | 1,000 |
| **TOTAL** | $ 259,000 | $ 81,250 | $ 144,000 | $ 54,500 | $ 51,550 | $ 38,100 | $ 75,600 | $ 33,100 | $ 26,200 |