ORDERED.

Dated: May 24, 2016

*Catherine M. Ewen*
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CENTRAL BEEF IND., LLC | Case No. 8:16-bk-02366-CPM |
| | *Jointly Administered with:* |
| 5C OF CENTRAL FLORIDA, LLLP | Case No. 8:16-bk-02368-CPM |
| CBI MANAGEMENT/ADMINISTRATION, LLC | Case No. 8:16-bk-02370-CPM |
| Debtors.                                           / | **NOTE IMPORTANT DEADLINE AT PARAGRAPH 17.** |

**FINAL ORDER AUTHORIZING DEBTORS' USE OF CASH
COLLATERAL AND TO PROVIDE ADEQUATE PROTECTION**

THIS CASE came before the Court pursuant to Bankruptcy Rule 4001 and 11 U.S.C. § 363 on May 19, 2016 at 2:30 p.m., upon the *Debtor's Emergency Motion for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Replacement Liens, and (C) Authorizing Use of Excess Funds to Pay Down Secured Line of Credit Pursuant to Sections 105(A), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure* (Doc. No. 3) (the "Motion") of the Debtors and Debtors-in-Possession, Central Beef Inc., LLC, 5C of Central Florida, LLLP and CBI Management/Administration, LLC (collectively

the "Debtors"), seeking entry of an order: (i) authorizing use of cash collateral; (ii) granting adequate protection, and (iii) granting related relief.

On March 25, 2015, the Court entered the Agreed Interim Order Authorizing Debtor's Use of Cash Collateral, to Provide Adequate Protection, and Scheduling Final Hearing (Doc. No. 33) (the "Interim Order"), wherein the Court granted the relief requested by the Debtors as agreed to by BankUnited, on an interim basis. In the Interim Order, the Court set a deadline to object to the entry of a final cash collateral order of May 12, 2016 at 4:30 p.m. and set a hearing on May 19, 2016 to consider the relief requested by the Motion on a final basis.

The Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Debtors and secured creditor, BankUnited N.A., ("BankUnited"), having agreed to the following provisions; and considering no objections were filed prior to the May 12, 2016 deadline set forth in the Interim Order; and there being just cause for the relief granted herein; and upon all of the proceedings had before the Court, the Court finds as follows:

A. The Debtors filed voluntary petitions under Chapter 11 on March 21, 2016 (the "Petition Date").

B. The Debtors were the largest purchasers of cattle and the largest beef packing house in the State of Florida. The Debtor, Central Beef, is the primary operating company of the Debtors.

C. Prior to the Petition Date BankUnited extended three loans to the Debtors as follows:

1. A real estate loan in the amount of $7,040,000.00 (the "Real Estate Loan") allegedly secured by the real estate owned by 5C in Center Hill, Florida and the improvements located thereon. The approximate principal balance owed on the Real Estate Loan as of the Petition Date was $5,700,000.00. Monthly payments on this loan per contract are $49,193.06. Since the Petition Date, the Debtors have paid approximately $147,579.18 towards the Real Estate Loan, leaving an approximate balance remaining of $5,601,422 as of May 19, 2016.

2. A $7,500,000.00 revolving line of credit (the "Revolving Loan") to the Debtors allegedly secured by all of the personal property of the Debtor, consisting primarily of accounts receivable and inventory and including a segregated debt service reserve account at BankUnited that serves as additional collateral for BankUnited and that is used to make monthly payments on the term loans to BankUnited and Bridge Capital Leasing, Inc. ("Bridge Capital") The current balance of the debt service reserve account is approximately $450,000.00. In March of 2015 the Revolving Loan was reduced to $5,000,000.00. The approximate amount owed as of the Petition Date under the Revolving Loan was approximately $3,528,000.00 (of which $3,524,609.16 was principal). Monthly payments of interest only are due on this loan. Since the Petition Date, the Debtors have paid off the Revolving Loan in full. No balance remains on the Revolving Loan.

3. A loan by Bridge Capital, an affiliate of BankUnited in the amount of $5,460,000.00 allegedly secured by machinery equipment owned by the Debtors (the "Equipment Loan"). The approximate balance of the Equipment Loan as of the Petition Date was approximately $2,900,000.00. The Equipment Loan has subsequently been assigned by Bridge

Capital to BankUnited. Monthly payments on this loan per contract are $74,449.92. Since the Petition Date, the Debtors have paid approximately $1,144,899.84 towards the Equipment Loan, leaving an approximate balance of $1,812,943 as of May 19, 2016.[1]

  D. The Debtors have proposed a projected budget ("Budget") a copy of which is attached hereto as **Exhibit A**. Pursuant to the Budget the Debtors have requested the use of cash collateral subject to BankUnited's security interests, whether existing before or after the commencement of these cases (the "Cash Collateral"), in order to continue their ordinary course business operations and to preserve and maintain the value of the bankruptcy estates. The Debtors propose in exchange to provide BankUnited with adequate protection for its security interests including adequate protection payments and replacement liens.

  E. BankUnited has consented to the Debtors' use of cash collateral consistent with the terms of this Order.

  F. Good, adequate, and sufficient cause has been shown to justify the granting of the relief requested. The Debtors' use of Cash Collateral is necessary to preserve the bankruptcy estates and will avoid immediate and irreparable harm to the Debtors, as well as the bankruptcy estate and assets.

  Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED**:

  1. The Motion is **GRANTED**, subject to the conditions set forth below.

  2. Except as may otherwise be provided herein, the Debtors are hereby authorized to use the Cash Collateral, and may pay the Necessary Expenses associated with same substantially as set forth in the Budget.

---

[1] By virtue of paragraph 5(c) of this Order, the loan is being reduced by an additional payment of $1,100,000.00 leaving a remaining approximate principal balance of $712,943.00.

3. The Debtors shall make distributions pursuant to the Budget, as required, with up to a 10% deviation on a cumulative basis. If any unusual or unexpected expenses arise, or if the Debtor revises the Budget, the Debtor and BankUnited shall endeavor to reach agreement as to such proposed extraordinary expenses. BankUnited's agreement shall not be unreasonably withheld. If the parties are unable to resolve the issue between themselves, the issue may be brought to the attention of the Court for expedited hearing and resolution if the circumstances so require. No later than ten (10) days prior to the expiration of this or any subsequent budget, the Debtors shall provide to BankUnited a proposed budget for the next sixty (60) days. Such budget shall govern subject to the terms of this Order unless BankUnited disagrees in which case the Court will conduct a hearing on short notice to resolve the budget issues.

4. Notwithstanding the provisions of section 552(a) of the Bankruptcy Code, the Debtors grant in favor of BankUnited as security for indebtedness that is owed by the Debtors to BankUnited, but only to the extent that BankUnited's cash collateral is used by the Debtors, a first priority post-petition security interest and lien in, to and against Debtors' assets, to the same extent that BankUnited held a properly perfected prepetition security interest in such assets, which are or have been acquired, generated or received by the Debtors subsequent to the Petition Date.

5. The Debtors shall make the following payments to BankUnited as Adequate Protection (the "Adequate Protection Payments"), subject to any claim for disgorgement in the event the Court later enters an order finding that BankUnited is not a secured creditor:

    a. On May 31, 2016, and the last day of each month thereafter until the Real Estate Loan is paid in full or the obligations thereunder are restructured under a confirmed plan of reorganization, the regular monthly installments due on the Real Estate Loan in the amount of $49,193.06 each;

   b. On May 31, 2016, and the last day of each month thereafter until the Equipment Loan is paid in full or the Debtors' obligations thereunder are restructured under a confirmed plan of reorganization, the regular monthly installments due on the Equipment Loan in the amount of $74,449.92 each;

   c. On May 19, 2016, a lump-sum payment of $1,100,000.00 to be applied to the amounts owed on the Equipment Loan.

 With respect to the payments set forth in subparagraphs (a) and (b) above, BankUnited is authorized without further order of this Court to deduct those payments from the existing debt service account maintained by the Debtors with BankUnited. With respect to the item set forth in subparagraph (c) above, BankUnited is authorized without further order of this Court to deduct those payments from the existing operating account maintained by the Debtors with BankUnited. Nothing in this paragraph otherwise alters BankUnited's rights under the loan documents.

 6. The Debtors are authorized to also make any further payments the Debtor deems itself able to pay towards the BankUnited loans, while still maintaining sufficient cash reserves to meet all post-petition obligations. BankUnited is authorized without further order of this Court to deduct these payments from the existing operating account maintained by the Debtors with BankUnited upon written authorization from the Debtors (email being sufficient).

 7. The Debtors shall maintain all necessary insurance coverage on all the assets of the Estate.

 8. All income and expenses shall be disclosed on the Debtor's monthly Debtor-In-Possession Reports, but BankUnited may request reasonable back-up for any and all charges and expenses, which the Debtors shall endeavor to provide within seven (7) business days. All

reporting required by BankUnited's loan documents and customarily furnished pre-petition shall continue in full force and effect, provided that no audit statements shall be required at this time.

9.  The liens granted under this Order shall be valid, perfected and enforceable as of the Petition Date without further filing or recording of any document or instrument or the taking of any further actions. Such liens shall be valid and enforceable against any trustee appointed in this case including any conversion of this case under Chapter 7 of the Bankruptcy Code.

10. This Order shall continue in full force and effect until one or more of the following occurs:

    a) This case is converted to Chapter 7 or dismissed;

    b) The appointment of a trustee;

    c) The confirmation of a plan;

    d) Termination upon notice and hearing in accordance with this Order.

11. This Order is without prejudice to: (a) any subsequent request by a party in interest for modified adequate protection or restrictions on use of cash collateral; (b) any other right or remedy which may be available to the Secured Creditor.

12. Solely by agreeing to the use of cash collateral by the Debtor, BankUnited shall not be deemed to have assumed any liability to any third person, and shall not be deemed in control of the operations of the Debtor or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor or its assets.

13. Neither party waives any rights except as set forth herein. For example, notwithstanding BankUnited's receipt of the Adequate Protection Payments, BankUnited shall not be deemed to have waived any of its rights under 11 U.S.C. §§ 361, 362 and 503(b)(1).

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

15. The requirements of Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

17. Any party seeking to object to, challenge or dispute BankUnited's secured status as alleged herein shall file any such motion, objection, or adversary complaint on or before June 20, 2016.

Harley E. Riedel, Esq. is directed to serve a copy of this Order on all interested parties and shall file a Certificate of Service with the Court.

**Cental Beef Ind., LLC - Case No. 8:16-bk-02366-CPM**
**Budget as of May 17, 2016**

|  | Jun-16 | Jul-16 |
|---|---|---|
| Receipts | $ 250,000.00 | $ 100,000.00 |
| Disbursements | | |
| A. Advertising | $ - | $ - |
| B. Bank Charges | $ 700.00 | $ 700.00 |
| C. Contract Labor | $ - | $ - |
| D. Fixed Asset Payments | $ - | $ - |
| E. Insurance | $ - | Undetermined[1] |
| F. Inventory Payments | $ - | $ - |
| G. Leases | $ - | $ - |
| H. Manufacturing Supplies | $ - | $ - |
| I. Office Supplies | $ 1,000.00 | $ 1,000.00 |
| J. Payroll - Net | $ 35,000.00 | $ 35,000.00 |
| K. Professional Fees | $ - | $ - |
| L. Rent | $ - | $ - |
| M. Repairs & Maintenance | $ 5,000.00 | $ 5,000.00 |
| N. Secure Creditor Payments | $ - | $ - |
| O. Taxes Paid - Payroll | $ 4,500.00 | $ 4,500.00 |
| P. Taxes Paid - Sales and Use | $ - | $ - |
| Q. Taxes Paid - Other | $ - | $ - |
| R. Telephone | $ 1,200.00 | $ 1,200.00 |
| S. Travel and Entertainment | $ - | $ - |
| Y. U.S. Trustee Quarterly Fees | $ - | $ - |
| U. Utilities | $ 35,000.00 | $ 35,000.00 |
| V. Vehicle Expenses | $ 2,500.00 | $ 2,500.00 |
| W. Other Operating Expenses | $ 25,000.00 | $ 25,000.00 |
| Total Disbursements | $ 109,900.00 | $ 109,900.00 |

[1] Insurance premiums due in July 2016. Amounts not yet determined.

# Exhibit A

**CBI Management/Administration, LLC - Case No. 8:16-bk-02370-CPM**
**Budget as of May 17, 2016**

|  | Jun-16 | Jul-16 |
|---|---|---|
| Receipts | $ - | $ - |
| **Disbursements** | | |
| A. Advertising | $ - | $ - |
| B. Bank Charges | $ 30.00 | $ 30.00 |
| C. Contract Labor | $ - | $ - |
| D. Fixed Asset Payments | $ - | $ - |
| E. Insurance | $ - | Undetermined[1] |
| F. Inventory Payments | $ - | $ - |
| G. Leases | $ - | $ - |
| H. Manufacturing Supplies | $ - | $ - |
| I. Office Supplies | $ - | $ - |
| J. Payroll - Net | $ 40,000.00 | $ 40,000.00 |
| K. Professional Fees | $ - | $ - |
| L. Rent | $ - | $ - |
| M. Repairs & Maintenance | $ - | $ - |
| N. Secure Creditor Payments | $ - | $ - |
| O. Taxes Paid - Payroll | $ 18,000.00 | $ 18,000.00 |
| P. Taxes Paid - Sales and Use | $ - | $ - |
| Q. Taxes Paid - Other | $ - | $ - |
| R. Telephone | $ - | $ - |
| S. Travel and Entertainment | $ - | $ - |
| Y. U.S. Trustee Quarterly Fees | $ - | $ - |
| U. Utilities | $ - | $ - |
| V. Vehicle Expenses | $ - | $ - |
| W. Other Operating Expenses | $ - | $ - |
| Total Disbursements | $ 58,030.00 | $ 58,030.00 |

[1] Insurance premiums due in July 2016. Amounts not yet determined.

**5C of Central Florida, LLLP- Case No. 8:16-bk-02368-CPM**
**Budget as of May 17, 2016**

| | Jun-16 | Jul-16 |
|---|---|---|
| Receipts | | |
| Disbursements | | |
| A. Advertising | $ - | $ - |
| B. Bank Charges | $ 30.00 | $ 30.00 |
| C. Contract Labor | $ - | $ - |
| D. Fixed Asset Payments | $ - | $ - |
| E. Insurance | $ - | Undetermined[1] |
| F. Inventory Payments | $ - | $ - |
| G. Leases | $ - | $ - |
| H. Manufacturing Supplies | $ - | $ - |
| I. Office Supplies | $ - | $ - |
| J. Payroll - Net | $ - | $ - |
| K. Professional Fees | $ - | $ - |
| L. Rent | $ - | $ - |
| M. Repairs & Maintenance | $ - | $ - |
| N. Secure Creditor Payments | $ 125,000.00 | $ 125,000.00 |
| O. Taxes Paid - Payroll | $ - | $ - |
| P. Taxes Paid - Sales and Use | $ - | $ - |
| Q. Taxes Paid - Other | $ - | $ - |
| R. Telephone | $ - | $ - |
| S. Travel and Entertainment | $ - | $ - |
| Y. U.S. Trustee Quarterly Fees | $ - | $ - |
| U. Utilities | $ - | $ - |
| V. Vehicle Expenses | $ - | $ - |
| W. Other Operating Expenses | $ - | $ - |
| Total Disbursements | $ 125,030.00 | $ 125,030.00 |

[1] Insurance premiums due in July 2016. Amounts not yet determined.